IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal No. 2:17-1180-BHH |
| ) | Civil No. 2:22-4202-BHH |
| v. ) | |
| ) | |
| Marion Katrell Campbell, ) | **ORDER** |
| ) | |
| Defendant/Movant. ) | |
| _____ ) | |

This matter is before the Court upon Movant Marion Katrell Campbell's ("Movant" or "Campbell") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 138.) The government filed a response in opposition on December 22, 2022, and Campbell filed a reply on February 6, 2023. (ECF Nos. 141, 145.) For the reasons set forth below, the Court denies Campbell's § 2255 motion.

## **BACKGROUND**

Campbell was charged in an indictment on December 13, 2017, and in a superseding indictment on October 10, 2018, with the following crimes that occurred on or about July 8, 2017: (1) knowingly, intentionally, and unlawfully possessing with intent to distribute a quantity or a mixture of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("count one"); (2) knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I) ("count two"); and (3) having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessing a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) ("count three").

As of the date of the alleged offenses (July 8, 2017), Campbell previously had been

convicted of the following crimes punishable by imprisonment for a term exceeding one year: a 2003 conviction for forgery, for which Campbell received a sentence of five years' imprisonment; a 2003 conviction for possession of crack cocaine, for which Campbell received a sentence of five years' imprisonment; a 2003 conviction for common law robbery, for which Campbell received a sentence of ten years' imprisonment suspended upon the service of five years to three years probation; a 2003 conviction for possession with intent to distribute crack cocaine, for which Campbell received a sentence of ten years' imprisonment; a 2006 conviction for possession of crack cocaine, for which Campbell received a sentence of one year of imprisonment; 2007 convictions for possession with intent to distribute crack cocaine and possession with intent to distribute cocaine, for which Campbell received a sentence of three years' imprisonment; a 2007 conviction for failure to stop for a blue light, for which Campbell received a sentence of three years' imprisonment; a 2010 conviction for possession of crack, for which Campbell received a sentence of two years' imprisonment suspended to two years probation (which was revoked and Campbell was ordered to serve his two years' imprisonment); and a 2011 conviction for distribution of crack cocaine 2nd offense, for which Campbell received a sentence of 25 years' imprisonment suspended upon the service of seven years to five years probation. (ECF No. 108 at 8-14.)

Prior to Campbell's jury trial in the instant matter, the government filed an information pursuant to 21 U.S.C. § 851, notifying Campbell that he was subject to increased penalties based upon certain specified prior drug convictions. (*See* ECF No. 52.) Also, at trial, Campbell signed a stipulation that was entered into evidence, acknowledging that on July 8, 2017, he "had previously been convicted of a crime punishable by a term

exceeding one year," and that he "has not been pardoned for the above referenced conviction, nor has the conviction been expunged, nor have his civil rights to possess a firearm been restored."  (ECF No. 97.)

On May 9, 2019, after determining that Campbell's prior convictions (from 2003 for common law robbery, from 2003 for possession with intent to distribute crack cocaine, from 2007 for possession with intent to distribute crack cocaine and possession with intent to distribute cocaine, and from 2011 for distribution of crack cocaine 2nd offense) constituted predicate offenses pursuant to U.S.S.G. § 4B1 and 18 U.S.C. § 924(e), the Court sentenced Campbell to a sentence of 360 months' imprisonment, consisting of 300 months as to counts one and three, to run concurrently, and 60 months as to count two, to run consecutively.  (ECF No. 115.)

Campbell filed a direct appeal of his conviction and sentence on May 23, 2019, challenging the government's use of an expert in trafficking methamphetamine and the admittance of evidence under Rule 404(b) of the Federal Rules of Evidence.  (ECF No. 119.)  On June 7, 2021, the Fourth Circuit Court of Appeals affirmed.  (ECF No. 129.) Campbell filed a petition for writ of certiorari with the United States Supreme Court, which was denied on December 13, 2021.  (ECF No. 137.)

Campbell filed the instant § 2255 motion on November 22, 2022, setting forth the following grounds for relief, taken verbatim from his petition:

> GROUND ONE: Campbell was deprived of his Fifth and Sixth Amendment Rights of DUE PROCESS and Right to a FAIR TRIAL in light of the Supreme Court decision in *REHAIF*
> Supporting facts [ ]: Campbell's Indictment failed to allege all the essential elements of 922(g)(1), which deprived him of the opportunity to adequately prepare his defense, and [ ] the omission of the essential element expressed in *REHAIF* resulted in a trial deemed unfair because the jury did not consider

3

>   the facts and circumstances related to such element, nor does the Record or the Government provided sufficient evidence to substantiate or otherwise would support Campbell's conviction and sentence under 922(g) in light of omitted element.
>
>   GROUND TWO: Title 18 U.S.C. § 922(g)(1) in Campbell's case is Unconstitutional in light of the *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S.CT. 211 (June 23, 2022)
>   Supporting facts [ ]: Campbell was convicted of 922(g)(1). The *Bruen* decision raises significant concerns whether 922(g)(1) statute infringes upon Campbell's Second Amendment Right to Bear Arms. The Supreme Court has expressed in *Bruen* that whether or not one[']s Second Amendment Right has been violated, the statutes at issue must comport[ ] with the Historical Text and Intent of the Original Drafters of the Constitution. Against this backdrop, Campbell's conviction and sentence under 18 U.S.C. § 922(g)(1) is Unconstitutional.
>
>   GROUND THREE: Campbell's prior convictions no longer meet[ ] the definition of a Serious Drug Offense or a Controlled Substance under the Guidelines
>   Supporting facts [ ]: The Government designated four prior convictions to serve as predicates for ACCA purposes, three S.C. Drug convictions under S.C. 44-53-375, and a S.C. Common Law Robbery. Also, the same three S.C. Drug Offenses under S.C. 44-53-375 w[ere] designated as predicates for the Career Offender Guidelines. Campbell's S.C. drugs conviction[s] no longer[ ] meet[ ] the definition of the ACCA definition of a Serious Drug Offense nor the Career Offender Controlled Substances Offense in light of *United States v. Campbell*[,] 22 F. 4th 438 (4th Cir. Jan. 7, 2022); and *United States v. Hope*[,] 28 F.4 th 487 (4th Cir. March 9, 2022).

(ECF No. 138 at 5-6, 8.)

The government filed a response to Campbell's § 2255 motion on December 22, 2022, asserting that Campbell cannot meet his burden of proof as to any of his claims. First, as to the *Rehaif* claim, the government asserts that: (1) Campbell cannot overcome his procedural default of the claim; (2) any *Rehaif* error was harmless and cannot form the basis of habeas corpus relief; and (3) even if the Court were to grant relief, the appropriate remedy would not be acquittal but simply an amended judgment vacating the § 922(g) count. Next, as to the *Bruen* claim, the government asserts that: (1) Campbell cannot

overcome his procedural default of the claim; and (2) *Bruen* does not apply to Campbell's felon-in-possession conviction. As to Campbell's third ground for relief – asserting that his prior South Carolina drug convictions no longer qualify as predicate offenses in light of *Campbell*, the government asserts that *Campbell* has no impact on this case because Defendant was not convicted of attempting to possess a controlled substance or the type of inchoate crimes at issue in *Campbell* but instead was convicted of the completed offenses of possession with intent to distribute and distribution of controlled substances. Lastly, the government asserts that Campbell's reliance on *Hope* (in support of his argument that his prior controlled substance offenses no longer qualify as predicate offenses for purposes of 18 U.S.C. § 924(e)) fails for three reasons: (1) Campbell cannot show cause and prejudice to overcome his procedural default of the issue; (2) any reduction of his sentence for his felon-in-possession conviction would have no effect on his overall sentence because his 300-month sentence as to count three runs concurrently to his 300-month sentence as to count one; and (3) *Hope* does not apply to Campbell's prior cocaine-based convictions because it only applies to marijuana convictions. (ECF No. 141 at 6-33.)

Campbell filed a reply to the government's response, asserting that he does allege that his appellate counsel was ineffective for failing to raise the *Rehaif* issue on appeal and asserting that he did not procedurally default this issue. (ECF No. 145 at 1-2.) Campbell further asserts that he was not aware at the time of his arrest that he was a felon and that the indictment gave insufficient notice of the § 922(g) charge. (*Id.* at 3-8.) Next, Campbell contends that his *Bruen* claim is not procedurally defaulted, asserting that his appellate counsel failed to raise the issue and pointing out that *Bruen* was decided after his direct

appeal. (*Id.* at 9.) Campbell then repeats his argument that § 922(g) is unconstitutional under the "history and tradition" analysis. (*Id.* at 9-11.) As to his third ground for relief, Campbell contends that appellate counsel failed to raise the issue on appeal, and he repeats his argument that his prior state convictions are not predicate offenses in light of the Fourth Circuit's decisions in *Campbell* and *Hope*. (*Id.* at 12-16.)

## **STANDARD OF REVIEW**

Campbell proceeds under 28 U.S.C. § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the movant bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). A federal prisoner may challenge a sentence imposed by a federal court if: (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject to collateral attack" if a movant shows that the proceedings suffered from "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (cleaned up). "This standard is only satisfied when a court is presented with exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (cleaned up).

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the Court has thoroughly reviewed the motions and filings in this case and finds that no hearing is necessary.

## DISCUSSION

I. **Ground One: Campbell's *Rehaif* Claim**

As a first ground for relief, Campbell asserts that his § 922(g) conviction is invalid under *Rehaif v. United States*, 588 U.S. 225 (2019). In *Greer v. United States*, the Supreme Court explained that *Rehaif* "clarified the *mens rea* requirement for firearms-possession offenses, including the felon-in-possession offense," and that [i]n felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." 593 U.S. 503, 505-06 (2021) (emphasis in original) (citing *Rehaif*, 588 U.S. at 237).

In response to this claim, the government first asserts that it has been procedurally defaulted because Campbell failed to raise it before his conviction became final. A claim is procedurally defaulted and subject to dismissal if it could have been made on direct appeal but is raised for the first time in post-conviction proceedings. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). "Two showings excuse a procedural default: a defendant's demonstration of 'either cause and actual prejudice or that he is actually innocent.'" *United States v. McKinney*, 60 F.4th 188, 193 (4th Cir. 2023) (citing *Bousley*, 523 U.S. at 622).

The Supreme Court decided *Rehaif* on June 21, 2019, during the pendency of

Campbell's appeal. Indeed, the Court notes that Campbell did not file his opening brief on appeal until August of 2019. *See* USCA4 Appeal, No. 294370, Doc. No. 11 (August 23, 2019). Thus, the *Rehaif* argument was "available" for him to raise on direct appeal. Moveover, the Court notes that even if *Rehaif* had been decided after Campbell filed his opening brief, the argument was still reasonably available.

Although claims that are "so novel that [their] legal basis is not reasonably available to counsel may constitute cause for a procedural default," *Bousley*, 523 U.S. at 622, "claims about the statutory language that have been repeatedly litigated do not qualify." *Gray v. United States*, No. 3:19 C 607, 2020 WL 127646, at *3 (M.D. Tenn. Jan. 10, 2020). "In *Bousley* the Supreme Court declined to except from procedural default petitioner's argument that the federal firearm possession statute's application changed after the Court interpreted 'use' as different from mere possession. The fact that a claim was unacceptable to a particular court at the particular time of a plea does not suffice to overcome a procedural default." *Id.* (citing *Bousley*, 523 U.S. at 622).

Movant's claim here is akin to the one made–and rejected–in *Bousley* "in that numerous courts have opined on the 'knowledge of status' argument [Movant] asserts here prior to *Rehaif*." *Id.*; *see, e.g.*, *United States v. Oliver*, 693 F.2d 224, 229 (7th Cir. 1982); *United States v. Pruner*, 606 F.2d 871, 873-74 (9th Cir. 1979); *United States v. Williams*, 588 F.2d 92, 92-93 (4th Cir. 1978) (per curiam); *United States v. Goodie*, 524 F.2d 515, 518 (5th Cir. 1975); *United States v. Wiley*, 478 F.2d 415, 418 (8th Cir. 1973). Given the plethora of challenges levied against § 922(g), Movant's claim does not qualify as novel, "either generally or in its particular application to the statute under which he was

convicted."[1]  *Gray*, 2020 WL 127464, at *3.  Thus, Campbell has not demonstrated cause to excuse his procedural default.

In his response to the government's arguments, Campbell asserts that his appellate counsel was ineffective for failing to raise the *Rehaif* issue on appeal, but the Court also finds this conclusory assertion insufficient to excuse his procedural default.  *See Lurry v. United States*, No. 321cr235RJCDCK1, 2023 WL 4750820, at *4 (W.D.N.C. July 25, 2023) ("A bare assertion that [trial or] appellate counsel failed to raise [a *Rehaif*] claim[] on direct appeal is too vague and conclusory to establish ineffective assistance of counsel."); *see also United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (stating that vague and conclusory allegations in a § 2255 petition may be disposed of without further investigation by the district court).

Furthermore, the Court agrees with the government that, even if Campbell could establish cause for his procedural default, he still cannot show prejudice.  *See United States v. Frady*, 456 U.S. 166 (1982) (rejecting "use of the 'plain error' standard to review [a] § 2255 motion" and stating "that to obtain collateral relief a prisoner must clear a

---

[1] Indeed, several district judges in the Fourth Circuit have rejected novelty and futility as grounds to establish cause in a cause and prejudice analysis. *See, e.g., United States v. Asmer*, No. 3:16-cr-423, 2020 WL 6827829, at *5-7 (D.S.C. Nov. 20, 2020) (relying on *Bousley* and *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001), to reject a the petitioner's argument that novelty and futility demonstrated cause for his failure to raise *Rehaif*-type claim on direct review), appeal dismissed, No. 21-6064 (4th Cir. Sept. 29, 2021) (slip. Op.); *United States v. Jackson*, No. Cr. 3:17-810-CMC, 2021 WL 694848, at *10 (D.S.C. Feb. 23, 2021) (holding, in context of a § 2255 motion, defendant did not demonstrate cause to excuse his failure to raise *Rehaif*-type claim on direct review because no objective external impediments prevented him from doing so); *Wilson v. United States*, Nos. 3:14-cr-254, 3:19-cv-280, 2020 WL 4950930, at *8 (W.D.N.C. Aug. 24, 2020) (holding, in context of a § 2255 motion, defendant could not demonstrate cause for failure to raise *Rehaif*-type claim on direct review), appeal dismissed, No. 20-7436, 2020 WL 9148121 (4th Cir. Nov. 30, 2020); *United States v. Vasquez-Ahumada*, No. 5:18CR5, 2020 WL 3213397, at *2 (W.D. Va. June 15, 2020) (same); *United States v. Mayo*, No. 4:12cr00032-003, 2020 WL 2476167, at *2 (W.D. Va. May 13, 2020) (same); *Watkins v. United States*, No. 1:18CR379, 2023 WL 2753240, at *3 (M.D.N.C. Jan. 20, 2023), report and recommendation adopted, No. 1:18-CR-379-1, 2023 WL 2743134 (M.D.N.C. Mar. 31, 2023) (same and collecting cases).

significantly higher hurdle than would exist on direct appeal").

Here, when Campbell possessed the firearm in this case, he had ten qualifying felony convictions, all of which occurred within a ten-year period and for all of which he received prison sentences ranging from one year to twenty-five years, with most being for either three or five years. Thus, there can be no doubt that Campbell knew he had been convicted of a felony that carried more than one year when he possessed the firearm in this case.[2] *See Greer*, 593 U.S. at 513-14 (explaining that "a *Rehaif* error in a plea colloquy is . . . not structural," as it "fit[s] comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'") (internal citations omitted) As the Supreme Court explained in *Greer* in a materially analogous situation when determining whether a defendant asserting a *Rehaif* error could satisfy the substantial-rights prong of the plain-error test:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. The simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a reasonable probability that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Greer*, 593 U.S. at 508-09; *see also United States v. Sumter*, No. 3:02CR499, 2021 WL

---

[2] As the government points out in its briefing, each time Campbell left the South Carolina Department of Corrections, he signed a "Gun Control Act of 1968" form advising him of the Act's applicability to him. These forms leave no doubt that government would have been able to prove that Campbell knew of his prohibited status. (*See* ECF No. 141-1.)

3173176, at *10-11 (D.S.C. July 27, 2021) (quoting the same).

Because Campbell cannot show cause or prejudice, he cannot avoid the procedural default of his *Rehaif* claim unless he can demonstrate actual innocence. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). This standard is particularly difficult to meet in the context of an alleged *Rehaif* error, and the Court finds that Campbell cannot do so here. As outlined above, and despite Campbell's conclusory arguments in his reply, ample record evidence indicates that Defendant was aware that he was a felon when he unlawfully possessed the firearm giving rise to his § 922(g) conviction. (*Compare* ECF No. 145 at 3-5 (claiming that he "was not cognizable of the fact that he was a felon when he set out to go repair his mother['s] vehicle from beside the highway because the act of going to repair a vehicle does not require him to be cognizable of the fact that he was a felon"). Critically, *Rehaif* did not hold that the government must prove a defendant's knowledge of the unlawfulness of possessing a firearm as a convicted felon; rather, *Rehaif* holds that the government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.Ct. at 2200; *see also United States v. Moody,* 2 F.4th 180, 197 (4th Cir. 2021) ("There is no basis in the Court's reasoning [in *Rehaif*] to extend the typical scienter requirement beyond these elements to the knowledge that possession of a firearm is prohibited."). Thus, the Court finds that Campbell cannot excuse his procedural default of this claim by establishing either cause and prejudice or actual

innocence. As a result, the Court denies Campbell's *Rehaif* claim.[3]

## II.     Ground Two: Campbell's *Bruen* Claim

Campbell was convicted of a being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).[4] In this action, Campbell argues that this conviction is unconstitutional in light of the Supreme Court's decision in *Bruen* because § 922(g)(1)'s categorical ban of firearm possession for all felons "is not consistent with any historical tradition of firearm regulation." (ECF No. 145 at 9.)

In response, the government asserts that Campbell cannot overcome the procedural default of this claim or establish that *Bruen* applies to his specific conduct. (ECF No. 141 at 19.) After review, the Court agrees with the government.

First, just like his *Rehaif* claim, Campbell procedurally defaulted this claim by failing to raise it before his conviction became final. *See Bousley*, 523 U.S. at 621-22. Campbell cannot show that *Bruen* was novel; nor can he show cause and prejudice or actual innocence. *See United States v. Heller*, 554 U.S. 570 (2008) (explaining that the Second Amendment protects "the right of law-abiding responsible citizens to use arms").

Stated plainly, the Fourth Circuit's pre-*Bruen* cases upholding the constitutionality of § 922(g)(1) remain good law and are binding. *See United States v. Moore*, 666 F.3d 313

---

[3] The government further argues that any *Rehaif* error was harmless in any event, and that, even if the Court were to grant the motion as to Campbell's *Rehaif* argument, the appropriate remedy would not be a judgment of acquittal. Given the Court's finding that Campbell cannot overcome the procedural default of this issue, the Court need not reach these additional arguments.

[4] Section 922(g)(1) makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

(4th Cir. 2012); *United States v. Pruess*, 703 F.3d 242 (4th Cir. 2012); *see also United States v. Lane*, 689 F. Supp. 3d 232, 242 (E.D. Va. 2023) ("Despite *Bruen* changing the analytical framework for Second Amendment challenges, nothing in *Bruen* indicates that the Supreme Court has repudiated its earlier pronouncements that the Second Amendment's protections do not extend to felons.") As the Supreme Court majority noted in *Bruen*, its holding is "in keeping with *Heller*." 142 S. Ct. at 2126; *see also United States v. Canada*, 123 F.4th 159, 161-62 (4th Cir. 2024) (specifically rejecting the argument that 18 U.S.C. § 922(g)(1) is facially unconstitutional post-*Bruen*); *United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024) (holding that Fourth Circuit precedent foreclosing "as-applied challenges" to the constitutionality of § 922(g)(1) remain binding after *Bruen*). Thus, in addition to procedurally defaulting this issue, the Court finds that the claim fails on the merits, as *Bruen* reinforces the conclusion that the Second Amendment does not extend to possession of firearms by convicted felons. For these reasons, the Court denies Campbell's *Bruen* claim.

### III.  Ground Three: Campbell's Prior Convictions

In his final ground for relief, Campbell asserts that his prior convictions no longer serve as predicate offenses to be found a career offender pursuant to U.S.S.G. § 4B1.2(b) or to support an increased statutory sentencing range pursuant to 18 U.S.C. § 924(e). In support of his claims, Campbell relies on two Fourth Circuit cases, *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), and *United States v. Hope*, 28 F.4th 487 (4th Cir. 2022). The Court addresses each claim in turn.

####  A.  *United States v. Campbell*

At sentencing, Movant was found to be a career offender pursuant to U.S.S.G. §

4B1.2(b) based on his prior South Carolina convictions for common law robbery, possession with intent to distribute crack cocaine (2), possession with intent to distribute cocaine, and distribution of crack cocaine 2nd offense.  Movant now argues that his controlled substance offenses no longer constitute predicate offenses in light of the Fourth Circuit's decision in *Campbell*, 22 F.4th 438 (4th Cir. 2022).

In *Campbell*, the Fourth Circuit held that the West Virginia offense for delivery of crack cocaine, West Virginia Code § 60a-4-401(a), did not qualify as a predicate controlled substance offense under U.S.S.G. § 4B1.2(b) because the plain text of the Sentencing Guidelines excludes attempt offenses.  Importantly, however, *Campbell* "did not determine that a South Carolina conviction for possession with intent to distribute cannot qualify as a 'controlled substance offense' to support a career offender enhancement." *United States v. McBride*, 2023 WL 207330, *4 (D.S.C. Jan. 17, 2023) (explaining that *Campbell* did not overrule prior cases that held, *inter alia*, "that South Carolina convictions for distribution or possession with intent to distribute are 'controlled substance offense[s]' within the definition of U.S.S.G. § 4B1.2(b).  Furthermore, the Court agrees with the government that *Campbell* has no impact on Movant's predicate offenses because he was not convicted of *attempting* to possess a controlled substance with the intent to distribute or *attempting* to distribute a controlled substance, but of the completed offenses of possession with intent to distribute and distribution of controlled substances. (ECF No. 108 ¶¶ 26, 28, 33.)  *See also United States v. Davis*, 75 F.4th 428 (4th Cir. 2023) (noting that South Carolina law codifies the offense of attempted distribution separately from a completed distribution offense and explaining that an attempted transfer is a completed distribution offense under South Carolina law); *see also United States v. Scarborough*, 2025 WL 1994672 (E.D. Va.

July 17, 2025) (analyzing *Davis* and explaining that South Carolina law defines its drug distribution offenses separately from attempt offenses, unlike the West Virginia statute at issue in *Campbell*). Therefore, the Court finds no merit to this claim.

B.   *United States v. Hope*

Campbell also asserts that his prior controlled substance offenses no longer qualify as predicate offenses for purposes of 18 U.S.C. § 924(e) in light of the Fourth Circuit's decision in *United States v. Hope*, 28 F.4th 487 (4th Cir. 2022). In *Hope*, the Fourth Circuit held that the defendant's prior convictions for possession with intent to distribute marijuana proximate to a school under S.C. Code § 44-53-445 did not qualify as predicate "serious drug offenses" under the ACCA because the state's definition of marijuana at the time of the convictions was broader than the federal definition of marijuana at the time the federal sentence was imposed. *Id.* at 506-07.

In response to Campbell's motion, the government first argues that Campbell procedurally defaulted this issue and cannot show cause and prejudice, or that he is actually innocent. Indeed, after review, the Court agrees with the government that Campbell cannot show that the question of whether South Carolina's drug offenses qualify as serious drug offenses under the ACCA is a novel issue, as the Fourth Circuit had already considered the issue as to the statutes that form the basis of Campbell's underlying convictions (S.C. Code §§ 44-53-370 and 44-53-37(b)) prior to his federal conviction becoming final. *See United States v. Marshall*, 747 F. App'x 139 (4th Cir. 2018), cert. denied, 586 U.S. 1151 (2019); *United States v. Furlow*, 928 F.3d 311, 320-22 (4th Cir. 2019), vacated and remanded on other grounds by *Furlow v. United States*, 590 U.S. 970 (2020) (remanding in light of *Rehaif*). Nor can Campbell show prejudice or actual

15

innocence.

Additionally, the Court agrees with the government that the concurrent sentence doctrine would apply, regardless, insofar as any error in Campbell's felon-in-possession sentence (although the Court finds none) would not affect Campbell's substantial rights because the challenged sentence runs concurrently with a valid sentence of equal duration and Campbell points to no adverse collateral consequences.

Lastly, and most importantly perhaps, the Court finds that *Hope* simply does not apply to Campbell's predicate convictions, as *Hope* considered South Carolina's definition of marijuana, and all of Campbell's predicate offenses involve cocaine and cocaine base under S.C. Code §§ 44-53-370 and -375(b).[5]  The Court, therefore, finds no merit to Campbell's claim*.*

### **CONCLUSION**

For the reasons set forth above, the Court finds that Campbell has not shown that he is entitled to relief pursuant to 28 U.S.C. § 2255.  Accordingly, the Court denies Campbell's § 2255 motion (ECF No.138).  Additionally, the Court denies a certificate of appealability.[6]

**IT IS SO ORDERED.**

---

[5] The Court also notes that the pertinent part of *Hope* was abrogated by the Supreme Court's decision in *Brown v. United States*, 602 U.S. 101 (2024), where the Court held "that a state drug conviction counts as an ACCA predicate if it involved a drug on the federal schedules at the time of that offense."  *See id.* at 123.

[6] Rule 11(a) of the Rules Governing Section 2255 proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  Here, the Court finds that legal standard for the issuance of a certificate of appealability has not been met.

                                    <u>/s/Bruce H. Hendricks</u>
                                    United States District Judge

February 25, 2026
Charleston, South Carolina